Gabrielli, J.
(dissenting). The defendant stands convicted for the April 27, 1968 shotgun killing of George Lee, Jr. At trial he asserted his freedom from guilt by reason of his insanity at the time of the commission of the murder. Upon his appeals to the Appellate Division and this court he has again advanced that ground for a revérsal of his conviction as well as a second ground, to wit, that he was incompetent to stand trial.
*582 A majority of this court now holds that he “ was incompetent to stand trial as a matter of law It is this conclusion with which we find fault.
Little is to be served in rereviewing the pretrial procedural processes of this case. Suffice it to say, and it remains undisputed, that at the final of the several pretrial hearings, held on August 6, 1971, the two court-appointed psychiatric experts testified as to their examinations, rendered their opinions, and concluded that the defendant was capable of standing trial; and, thereafter the court found as a fact that the defendant was fit and competent to proceed to trial. This holding has been affirmed by an unanimous Appellate Division. In light of all this evidence adduced upon the hearing we find it impossible to reach the conclusion of the majority that, as a matter of law, he could not proceed to trial.* No one has urged, as indeed it may not be, that upon a hearing to determine competency to stand trial, .the People are required to prove such status beyond a reasonable doubt.
While the defendant has claimed, as indicated, a lack of criminal responsibility because of his insanity at the time of the murder, he makes no frontal attack or serious claim on this point in this court; and we may conjecture with some conviction, that he is unable to assail the jury finding that the People proved his sanity at the time of the murder beyond a reasonable doubt, it appearing that there was, as asserted by the People and undenied by the defendant, “ Substantial expert testimony was presented on both sides of this issue
The order of the Appellate Division should be affirmed.
Chief Judge Bbeitel and Judges Jasen, Wachtleb and Rabin concur with Judge Jones; Judge Gabbielli dissents and votes to affirm in a separate opinion in which Judge Stevens concurs.
Order reversed, judgment vacated and case remitted to Wayne County Court for further proceedings in accordance with the opinion herein.

 In a proceeding to vacate a judgment of conviction upon similar grounds alleging mental illness at the time of trial, wherein there was psychiatric evaluation prior to trial, this court affirmed a denial of a further hearing when it was undisputed that he was committed to Dannemora State Hospital five weeks after he was sentenced and remained there for 13 years (People v. Caldo, 24 N Y 2d 847).